IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY A. MASSEY, | ) | |
| | ) | C.A. No. 20-722 Pittsburgh |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| JOHN WETZEL, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On May 19, 2020, Plaintiff Wesley A Massey, an inmate incarcerated at the State Correctional Institution at Pine Grove in Indiana, Pennsylvania ("SCI-Pine Grove"), initiated this action by filing a motion to proceed *in forma pauperis* ("ifp motion") and attached complaint, along with a motion for preliminary injunction and/or temporary restraining order ("Injunction Motion"), which has been docketed separately [ECF No. 2]. The ifp motion has not yet been addressed and the complaint has not been docketed. Nonetheless, because Plaintiff's Injunction Motion claims immediate and irreparable injury that requires the Court's immediate attention, the Court will consider the motion under Rule 65(b) of the Federal Rules of Civil Procedure.

In his motion, Plaintiff states that he has underlying medical conditions (diabetes, hypertension, heart disease, and obesity) "that make him high-risk for mortality if he were to contract coronavirus." (ECF No. 2, at ¶ 5). Plaintiff "complains of future injuries that have not yet been sustained but he stands to face irreparable harm and risk of serious injury if the conduct of Defendants is allowed to continue." (Id. at ¶ 4). Specifically, Plaintiff alleges that Defendants continue to transfer inmates into SCI-Pine Grove from other institutions that have positive cases

of the coronavirus, that inmates are unable to socially distance themselves, and that staff members have failed to follow guidelines requiring them to wear masks. (Id. at ¶¶ 6, 9). As a result, Plaintiff requests injunctive relief in the form of "temporary release to his home, under GPS monitor, to properly distance, ad be properly tested if necessary." (Id. at ¶ 14).

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of

the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Here, the specific relief requested by Plaintiff, which is temporary release from incarceration under GPS monitor, is not relief that a court can grant absent the satisfaction of numerous statutory prerequisites. Because Plaintiff is a prisoner, this action is subject to the Prison Litigation Reform Act ("PLRA"), which "circumscribes the scope of the court's authority to enter an injunction." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Specifically, under the PLRA, injunctive relief to remedy unconstitutional prison conditions must be "narrowly drawn," extend "no further than necessary" to remedy the constitutional violation, and use the "least intrusive means" to correct the violation of the federal right. 18 U.S.C. § 3626(a)(1)(A). Additionally, courts "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief." Id. § 3626(a)(2). For prisoners like

Plaintiff who seek release in a civil action with respect to prison conditions, the statute instructs that "no court shall enter a prisoner release order unless – (i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and (ii) the defendant has had a reasonable amount of time to comply with the previous court orders." Id. § 3626(a)(3). These standards preserve significant administrative discretion and flexibility for prison officials. Indeed, the Supreme Court has made clear that "prison officials have broad administrative and discretionary authority over the institutions they manage." Hewitt v. Helms, 459 U.S. 460, 467 (1983). As such, the Court cannot grant Plaintiff the specific injunctive relief he is seeking.

Notwithstanding the fact that the only specific relief Plaintiff is seeking in his Injunction Motion is temporary release from incarceration, it is not clear whether he may also be seeking injunctive relief relative to ensuring that the conditions at the institution are appropriately protecting him from the coronavirus. Therefore, the Court will defer ruling on whether alternative relief is warranted pending a telephone hearing with Plaintiff and a representative from the U.S. Attorney General's Office.

AND NOW, this 3rd day of June, 2020,

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [ECF No. 2] is DENIED insofar as Plaintiff seeks temporary release from incarceration and DEFERRED in part to determine whether alternative injunctive relief is warranted, as set forth above. A telephone hearing with Plaintiff and a representative of the U.S. Attorney General's office will be scheduled by separate Order.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge