IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY A. MASSEY,** | ) | |
| | ) | **C.A. No. 20-722 Pittsburgh** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **District Judge Baxter** |
| | ) | |
| **JOHN WETZEL, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

On May 19, 2020, Plaintiff Wesley A Massey, an inmate incarcerated at the State Correctional Institution at Pine Grove in Indiana, Pennsylvania ("SCI-Pine Grove"), initiated this action by filing a motion to proceed *in forma pauperis* ("ifp motion") and attached complaint, along with a motion for preliminary injunction and/or temporary restraining order ("Injunction Motion"), which has been docketed separately [ECF No. 2]. The ifp motion has not yet been addressed and the complaint has not yet been docketed.

In his Injunction Motion, Plaintiff states that he has underlying medical conditions (diabetes, hypertension, heart disease, and obesity) "that make him high-risk for mortality if he were to contract coronavirus." (ECF No. 2, at ¶ 5). Plaintiff "complains of future injuries that have not yet been sustained but he stands to face irreparable harm and risk of serious injury if the conduct of Defendants is allowed to continue." (Id. at ¶ 4). Specifically, Plaintiff alleges that Defendants continue to transfer inmates into SCI-Pine Grove from other institutions that have positive cases of the coronavirus, that inmates are unable to socially distance themselves, and that staff members have failed to follow guidelines requiring them to wear masks. (Id. at ¶¶ 6, 9).

As a result, Plaintiff requests injunctive relief in the form of "temporary release to his home, under GPS monitor, to properly distance, and be properly tested if necessary." (Id. at ¶ 14).

The Court previously considered Plaintiff's Injunction Motion under Rule 65(b) of the Federal Rules of Civil Procedure and denied Plaintiff's request for temporary release from custody; however, the Court deferred ruling on whether alternative relief may be warranted to ensure that the conditions at the institution are appropriately protecting Plaintiff from contracting the coronavirus. [ECF No. 6]. Defendants subsequently filed a brief in opposition to Plaintiff's Injunction Motion [ECF No. 9]. The Court then held a telephonic hearing at which the parties presented oral argument and testimony regarding the measures in place at the institution to guard against the spread of the Covid-19 virus among high-risk inmates such as Plaintiff. At the end of this hearing, Plaintiff was given the opportunity to file a response to Defendant's opposition brief to present any further argument or evidence he may have in support of his motion; however, Plaintiff failed to do so within the time period required. Plaintiff's motion is now ripe for consideration. Before considering the Injunction Motion, however, the Court will first address Plaintiff's pending ifp motion for purposes of establishing the Court's jurisdiction over the underlying action.

**II.     DISCUSSION**

    **A.**     ***In Forma Pauperis* Motion**

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Subsection (g) of Section 1915 provides:

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The Court takes judicial notice of the fact that at least three of Plaintiff's prior lawsuits have been dismissed for failure to state a claim upon which relief may be granted: Massey v. Pfeifer, C.A. No. 17-173 Erie; Massey v. Crady, C.A. No. 17-241 Erie; and Massey v. Estock, C.A. No. 19-659 Pittsburgh. Based upon these filings, Plaintiff is subject to the "three strikes" rule. However, as quoted above, the statute provides that an indigent inmate may overcome the bar of the "Three Strikes Rule" if he is under "imminent danger of serious physical injury." 28 U.S.C. §1915(g). The Third Circuit has explained that "imminent dangers are those dangers which are about to occur at any moment or are impending." Abdul–Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir.2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). In determining whether the exception to the "Three Strikes" bar applies, a district court operates under the following standard of review:

> [A] court may discredit 'factual claims of imminent danger that are clearly baseless, i.e., allegations that are fantastic or delusional and rise to the level of the irrational or wholly incredible.' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998), citing Denton v. Hernandez, 504 U.S. 25, 33 (1992). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32.

Brown v. City of Philadelphia, 331 Fed.Appx 898, 899 (3d Cir.2009). However, an indigent inmate's "allegations of imminent danger must be construed liberally in his favor." Williams v. Forte, 135 Fed. Appx. 520, 521 (3d Cir. 2005) (citation omitted). See also Gibbs v. Roman, 116 F.3d 83, 86 n. 6 (3d Cir. 1997) (*pro se* allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants).

Here, Plaintiff has alleged that he is at "high-risk for mortality if he were to contract coronavirus," and that the conditions at SCI-Pinegrove expose him to a significant risk of contracting the virus. Given the pervasive spread of the Covid-19 virus, both nationally and globally, as well as the particular risk of the virus spreading within the closed confines of a correctional institution, Plaintiff's allegations are far from "fantastic," "delusional," "irrational," or "wholly incredible." Gibbs, 160 F.3d at 967. In fact, they are quite plausible and raise particular concerns for Plaintiff because of his underlying medical issues. Thus, the Court finds that Plaintiff has met the minimal threshold of alleging that he is "under imminent danger of serious physical injury" to overcome the bar of the Three Strikes Rule. Accordingly, Plaintiff's ifp motion will be granted.

**B.**     **Injunction Motion**

Though Plaintiff's allegations of imminent danger of serious physical injury are sufficient to overcome the Three Strikes Rule, the threshold for establishing the need for immediate injunctive relief is much more stringent. In fact, preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such

relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Here, although the specific relief requested by Plaintiff (temporary release from incarceration under GPS monitor) has already been denied, the Court is left to determine whether

the conditions at the institution are exposing him to a greater risk of contracting the coronavirus such that injunctive relief is necessary to protect him. Based on the testimony and arguments presented by the parties, the Court finds that Plaintiff has failed to meet his burden of showing that he will face irreparable harm if injunctive relief is not granted. In reaching this conclusion, the Court notes that SCI-Pinegrove has had no positive cases of the COVID-19 virus among staff or inmates at the facility, despite the concerns raised by Plaintiff in his motion. Under such circumstances, immediate injunctive relief is neither necessary nor appropriate to prevent irreparable harm.

Moreover, Plaintiff's allegations of the institution's deliberate indifference to his health and safety fail to establish a likelihood of success on the merits. In particular, SCI-Pinegrove's Superintendent Lee Estock testified before this Court that the institution has taken the following steps to prevent the spread of the virus: contact visits have been eliminated, with family and friend visitation by video only; inmate movement has been restricted to prevent cross-contamination through the implementation of a cohort system; inmate workers, such as kitchen, maintenance and cleaning personnel, have been kept quarantined in a separate unit; three separate recreation areas are maintained and each is occupied by only one cohort unit at a time, after which equipment is sanitized before the next unit enters; temperature checks of all staff members are performed upon entry to the facility, and virus tests are performed on any staff member exhibiting symptoms or upon request; masks are required to be worn by all staff and inmates; and rubber gloves are required to be worn by staff members when they are in contact with others. (ECF No. 14, Hearing Transcript, at pp. 7-13). In addition, Estock testified that all inmates transferred from other institutions are tested for the virus and put in isolation for 14 days before being released to general population. (Id. at p. 16). In short, Superintendent Estock's

testimony establishes that the institution has, in good faith, taken all reasonable and appropriate measures to implement the protocols mandated by the Pennsylvania Department of Corrections ("DOC") in accordance with the guidelines have been promulgated by the Center for Disease Control ("CDC"). Thus, Plaintiff's allegations of deliberate indifference are unavailing.

AND NOW, this 15th day of September, 2020,

IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 1] is GRANTED and the Clerk is directed to file Plaintiff's complaint; and

(2) Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [ECF No. 2] is DENIED.

*s/Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge