# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY A. MASSEY, ) | |
| ) | C.A. No. 20-722 Pittsburgh |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge Susan Paradise Baxter |
| ) | |
| JOHN WETZEL, et al., ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On June 3, 2020, this Court issued a Memorandum Order [ECF No. 6] denying Plaintiff's motion for preliminary injunction and/or temporary restraining order [ECF No. 2] insofar as Plaintiff was seeking temporary release from his incarceration at SCI-Pine Grove to avoid exposure to the COVID-19 coronavirus ("COVID"); however, the Court deferred ruling on whether any other injunctive relief was warranted pending an evidentiary hearing. An evidentiary hearing was subsequently held by telephone, during which oral testimony was received from both parties regarding the protocols enacted at SCI-Pine Grove to combat the spread of COVID within the facility. At the time of this hearing, it was revealed that no positive cases of COVID had been reported within the inmate and staff population at SCI-Pine Grove, and multiple preventative measures had been implemented to minimize the threat of the virus. Based on this evidence, the Court issued a memorandum order denying Plaintiff's injunction motion in its entirety based on his inability to show either irreparable harm or a likelihood of success on the merits regarding his claim of deliberate indifference to his serious medical needs. [ECF No. 16].

Presently before the Court are two motions Plaintiff has filed seeking reconsideration of this Court's Orders denying his injunction request. [ECF Nos. 22, 29]. Plaintiff's reconsideration request is based primarily on the fact that, since the entry of the Court's most recent Order on September 15, 2020, SCI-Pine Grove has experienced an outbreak of COVID cases among both inmates and staff.[1] As a result, Plaintiff is seeking reconsideration of his request for temporary release to "a CCC center that would allow him to properly socially distance and provide medical care for himself and still remain under the control of the DOC," or to "a house arrest under the control of the PA Probation & Parole Department." (ECF No. 29, at p. 3). Defendants have filed a brief in opposition to Plaintiff's reconsideration request [ECF No. 27] arguing that Plaintiff has not met his burden of proving he is entitled to reconsideration "because new evidence of positive COVID-19 cases at SCI-Pine Grove is not proof of deliberate indifference on the part of prison officials." (Id. at p. 3). The Court agrees.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is

---

[1] In his most recent motion for reconsideration, Plaintiff notes that SCI-Pine Grove has reported more than 100 positive COVID cases among inmates and more than 35 positive cases among staff members. (ECF No. 29, at ¶6).

in fact simply a point of disagreement between the Court and the litigant.'" Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994), quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F.Supp. 753, 755 (E.D.Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995). Requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. See, e.g., Boone v. Daughtery, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple," citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)).

    Here, as noted, Plaintiff is seeking reconsideration based on new evidence of an outbreak of positive COVID cases that has occurred at SCI-Pine Grove since the issuance of this Court's Order of September 15, 2020. The Court acknowledges that the recent spread of the virus within the facility is alarming. The Court does not question that COVID presents a risk of serious harm to those confined in prisons, and that Plaintiff, as an obese, hypertensive diabetic, is particularly vulnerable to the virus's effects. Nonetheless, the question before the Court is whether the Eighth Amendment requires Defendants to do more than they are already doing to mitigate the risk of harm. Although the virus has spread within SCI-Pine Grove since the Court issued its Orders, an increase in infection rate alone is insufficient to prove deliberate indifference, especially in light of the many preventative measures the institution has implemented, as previously detailed in the Court's Order of September 15, 2020. These measures demonstrate that Defendants are making every reasonable effort to protect inmates against the virus and to treat those who have

contracted it. The record simply does not support any suggestion that Defendants have turned the kind of blind eye and deaf ear to a known problem that would indicate deliberate indifference to the welfare of its inmates and staff. Thus, Plaintiff has failed to present a sufficient basis for this Court to reconsider its prior Orders denying Plaintiff injunctive relief.

AND NOW, this 28th day of December, 2020,

IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration of this Court's Orders denying his motion for preliminary injunction and/or temporary restraining Order [ECF Nos. 22 and 27] are DENIED.

SUSAN PARADISE BAXTER
United States District Judge